IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

JASON MAPLE,

    Plaintiff,

vs.                                                **COLLECTIVE ACTION**

CRICKET WIRELESS, INC., a Delaware corporation,
CRICKET WIRELESS, LLC, a Delaware corporation,
BELAL ENTERPRISES, INC., a Florida corporation,
BELAL AHMAD, individually, and
TYLER NOUBANI, individually,

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, JASON MAPLE, ("Plaintiff"), by and through his undersigned counsel, hereby files this First Amended Complaint against Defendants, CRICKET WIRELESS, INC., ("Defendant Cricket, Inc."), CRICKET WIRELESS, LLC, ("Defendant Cricket, LLC"), BELAL ENTERPRISES, INC., ("Defendant Belal"), BELAL AHMAD ("Defendant Ahmad"), and TYLER NOUBANI, ("Defendant Noubani"), and states as follows:

### NATURE OF ACTION

1.    This is a civil action for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"), for unpaid wages pursuant to Florida Common Law, and for damages pursuant to § 448.102, *Florida Statutes* (2014) (Florida Private Sector Whistle Blower Act).

### JURISDICTION AND VENUE

2.    This is a claim for damages in excess of $15,000, exclusive of interest, attorney's fees, and costs.

3. Jurisdiction is conferred upon this Court under §§ 26.012(2)(a) and 34.01(1)(c), *Florida Statutes* (2014).

4. The venue of this Court over this controversy is proper pursuant to § 47.011, *Florida Statutes* (2014) because Lake County Florida is where the action accrued.

## PARTIES

5. Plaintiff is an individual residing in Lake County, Florida and was engaged in commerce as defined by the FLSA through his employment with Defendants.

6. Defendant Cricket, Inc. is a Delaware for-profit corporation with its principal address in San Diego, California and doing business in Lake County, Florida. Defendant Cricket, Inc. is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and was Plaintiff's employer as that term is defined under the FLSA and relevant Florida law.

7. Defendant Cricket, LLC is a Delaware for-profit corporation with its principal address in Atlanta, Georgia and doing business in Lake County, Florida. Defendant Cricket, LLC. is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and was Plaintiff's employer as that term is defined under the FLSA and relevant Florida law.

8. Defendant Belal is a Florida for-profit corporation with its principal address in Longwood, Florida and doing business in Lake County, Florida. Defendant Belal is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA and was Plaintiff's employer as that term is defined under the FLSA and relevant Florida law.

9. Defendant Ahmad is an individual residing in Orlando, Florida and an agent of Defendant Belal whom, during all times material to this action, was acting directly or indirectly in the interests of Defendant Belal in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiff's work and is therefore considered Plaintiff's statutory employer under the FLSA along with Defendant Belal.

10. Defendant Noubani is an individual residing in Florida and an agent of Defendant Belal whom, during all times material to this action, was acting directly or indirectly in the interests of Defendant Belal in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiff's work and is therefore considered Plaintiff's statutory employer under the FLSA along with Defendant Belal.

## FACTS

11. Plaintiff began employment with Defendants on July 18, 2014. He worked as an outdoor sign artist assisting with the advertising of a Cricket Wireless retail store located at 548 S. Duncan Drive, Tavares, Florida 32778 which is located in the Dora Canal Plaza in Tavares, Florida. Plaintiff worked as an hourly employee and was told he would be paid an hourly rate of $7.00 per hour. Since his employment with Defendants began, Defendants failed to compensate Plaintiff for all hours worked. For those hours worked for which he was paid, he was not paid at an hourly rate at least equal to the federal minimum wage. At least a portion of these unpaid hours represent hours in excess of forty (40) for any given workweek and for which he was not compensated at a rate of 1.5 times his hourly rate.

12. Upon information and belief, Defendants' unlawful practices and policies regarding unpaid regular wages, minimum wage violations, and unpaid overtime wages were administered to other employees in addition to Plaintiff. There are numerous other similarly

situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees have suffered from the same decision, policy, or plan as Plaintiff and are known to Defendants and are readily identifiable and locatable through Defendants' records. Specifically, all employees and former employees of Defendants who have been employed with the Defendants who have suffered the same wage violations as Plaintiff would benefit from a Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

13. Defendants never reimbursed Plaintiff nor, upon information and belief, any other similarly situated employee for these back wages and overtime wages due to them.

14. Plaintiff and other similarly situated employees have incurred damages from Defendants' unlawful acts.

15. Plaintiff repeatedly complained to Defendants about being paid less than minimum wage, not being paid for all hours worked, and not being paid time and one half his regular rate for hours worked in excess of forty (40) per work week.

16. In retaliation for his complaints about his unlawful pay, Defendants terminated Plaintiff's employment. Plaintiff has suffered damages due to his unlawful termination.

17. Plaintiff has retained the law firm of Bogin, Munns & Munns, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

18. All conditions precedent to the filing of this action have been fulfilled by Plaintiff or waived by Defendants.

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT
### (as to all Defendants)

19. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-18, *supra*.

20. Throughout Plaintiff's employment, Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at a rate at least equal to the federal minimum wage.

21. Throughout the employment of all other employees similarly situated to Plaintiff, Defendants repeatedly and willfully violated the FLSA by failing to compensate them at a rate at least equal to the federal minimum wage.

22. As a direct and proximate result of Defendants' acts, Plaintiff and those employees similarly situated to him have suffered and continue to suffer damages.

WHEREFORE, Plaintiff and those employees similarly situated to him demand judgment against Defendants for the following:

A. Unpaid minimum wages found to be due and owing;

B. An additional equal amount as liquidated damages;

C. Prejudgment interest in the event liquidated damages are not awarded;

D. A reasonable attorney's fees and costs; and

E. Such other relief as the Court deems just and equitable;

F. At the earliest possible time, Plaintiff be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees in all locations within the United States during the three (3) years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked hours but were not paid lawful

5

compensation and benefits pursuant to 29 U.S.C. §216(b).

## COUNT II
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT
(as to all Defendants)

23. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-18, *supra*.

24. Throughout Plaintiff's employment, Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for hours greater than forty (40) in any given workweek.

25. Throughout the employment of all other employees similarly situated to Plaintiff, Defendants repeatedly and willfully violated the FLSA by failing to compensate them at a rate not less than one and one-half times the regular rate at which they were employed for hours greater than forty (40) in any given workweek.

26. As a direct and proximate result of Defendants' acts, Plaintiff and those employees similarly situated to him have suffered and continue to suffer damages.

WHEREFORE, Plaintiff and those employees similarly situated to him demand judgment against Defendants for the following:

A. Unpaid overtime wages found to be due and owing;

B. An additional equal amount as liquidated damages;

C. Prejudgment interest in the event liquidated damages are not awarded;

D. A reasonable attorney's fees and costs; and

E. Such other relief as the Court deems just and equitable;

F. At the earliest possible time, Plaintiff be allowed to give notice, or that the Court issue such Notice, to all Defendants' employees in all locations within the United States during

6

the three (3) years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime hours but were not paid lawful compensation and benefits pursuant to 29 U.S.C. §216(b).

## COUNT III
### UNPAID WAGES UNDER FLORIDA COMMON LAW
**(as to Defendants Cricket, Inc., Cricket, LLC, and Belal)**

27. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-18, *supra*.

28. This is an action brought pursuant to Florida Common Law as a Breach of Oral Contract claim.

29. Defendants Cricket, Inc., Cricket, LLC, and Belal willfully failed to pay Plaintiff wages due to him. This constitutes unpaid wages under Chapter 448.08, Florida Statutes (2014) and Florida common law.

30. Pursuant to Chapter 448.08, Florida Statutes (2014), Plaintiff is entitled to an award of its reasonable attorney fees upon prevailing in this action.

WHEREFORE, Plaintiff demands judgment against Defendants Cricket, Inc., Cricket, LLC, and Belal for damages, prejudgment interest, together with costs of suit and a reasonable attorney's fee, along with any such other and further relief as the Court may deem proper.

## COUNT IV
### VIOLATION OF THE RETALIATION PROVISIONS
### OF THE FAIR LABOR STANDARDS ACT
**(as to all Defendants)**

31. Plaintiff re-alleges and incorporates by reference all allegations contained in paragraphs 1-18, *supra*.

32. Plaintiff repeatedly complained to Defendants about what he reasonably believed to be Defendants' unlawful violations of the minimum wage and overtime provisions of the FLSA.

33. In retaliation for Plaintiff's statutorily protected activity, Defendants terminated Plaintiff's employment.

34. Defendants' actions against Plaintiff constitute unlawful retaliation in violation of the Fair Labor Standards Act. The aforementioned acts of Defendants were willful, wanton, and committed with reckless indifference to Plaintiff's rights under the Fair Labor Standards Act.

35. As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

A. An injunction restraining continued violations of this Act;

B. Lost wages, including lost fringe benefits, which resulted from the unlawful retaliation;

C. An additional equal amount as liquidated damages;

D. Prejudgment interest in the event liquidated damages are not awarded;

E. Costs, including a reasonable attorney's fee;

F. Prejudgment interest;

G. Such other relief as the Court deems just and equitable, including, but not limited to, the issuance of a neutral letter of employment reference from Defendant Lake Conway.

## COUNT IV
### Florida Whistle Blower
### § 448.102, *Fla. Stat.* (2014)
### (as to Defendants Cricket, Inc., Cricket, LLC, and Belal)

36. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-18, *supra.*

37. During his employment, Plaintiff objected to, and refused to participate in, what he reasonably believed to be unlawful practices and policies by Defendants Cricket, Inc., Cricket, LLC, and Belal in the administration of his regular hourly wages and overtime wages.

38. Defendants Cricket, Inc., Cricket, LLC, and Belal took adverse action against Plaintiff in retaliation for his objections to and/or refusal to participate in the activities, policies, and/or practices of his employers that he reasonably believed to be violations of various laws, rules, and/or regulations. The specific retaliatory personnel action at issue is Plaintiff's termination from his employment.

39. As a result of Plaintiff's unlawful retaliatory termination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendants Cricket, Inc., Cricket, LLC, and Belal for the following:

A. An injunction restraining continued violations of this Act;

B. Compensation for lost wages, including lost fringe benefits, which resulted from the unlawful discharge and retaliation;

C. Compensatory damages, including damages for Plaintiff's mental and emotional distress;

D. Front pay;

E. Prejudgment interest;

F. Cost and reasonable attorney's fees;

G. Such other relief as the Court deems just and equitable, including, but not limited to, the issuance of a neutral letter of employment reference from Defendant Lake Conway.

## JURY TRIAL DEMAND

Plaintiff and any and all similarly situated employees demand a jury trial on all issues so triable.

/s/ *John W. Bolanovich*
John W. Bolanovich
Fla. Bar No. 143707
Bogin, Munns & Munns, P.A.
2601 Technology Drive
Orlando, FL 32804
(P.O. Box 2807, Orlando, FL 32802)
Telephone: (407) 578-1334
Facsimile: (407) 578-2181
jbolanovich@boginmunns.com
Trial Counsel for Plaintiff