**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JASON MAPLE,**

      **Plaintiff,**

**v.**                                                    **Case No: 5:14-cv-583-Oc-40PRL**

**CRICKET WIRELESS, INC., CRICKET**
**WIRELESS, LLC, BELAL**
**ENTERPRISES, INC., BELAL AHMED,**
**and TYLER NOUBANI**

      **Defendants.**

_____

**ORDER**

In their Motion for More Definite Statement, Defendants Belal Enterprises, Inc., Belal Ahmed, and Tyler Noubani, seek clarification of several of the allegations in Plaintiff's First Amended Complaint ("Complaint").   (Doc. 21).   Because the Complaint provides fair notice of Plaintiff's claims, the motion is denied.

**I.**      **Background and Facts**

Plaintiff alleges various federal claims and state causes of action arising from an alleged failure of his employers and their agents, the Defendants in this case, to pay him the full amount of the wages that he is owed.   In response, several Defendants (Belal Enterprises, Inc., Belal Ahmed, and Tyler Noubani) complain of alleged ambiguities and deficiencies in Plaintiff's Complaint.   (Doc. 21).[1]   Plaintiff contends that his allegations against the Defendants are sufficiently clear and place them on notice of the claims he has asserted.   (Doc. 23).

_____

[1]  The remaining Defendants, Cricket Wireless, Inc. and Cricket Wireless, LLC have answered.   (Doc. 8).

1

Plaintiff also correctly points out that Defendants failed to comply with Middle District of Florida Local Rules 3.01(a) & (g).   Specifically, Defendants failed to include a memorandum of law with their motion, as required by Local Rule 3.01(a), and, additionally, failed to confer with Plaintiff in a good faith effort to resolve the issues raised by the motion, as required by Local Rule 3.01(g).   Although the motion is due to be denied for these reasons, it is also due to be denied on the merits.

## II.      Discussion

Rule 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is vague or ambiguous that the party cannot reasonably prepare a response."   Fed. R. Civ. P. 12(e).   "A rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself."   *Ramirez v. F.B.I.*, No. 8:10-CV-1819-T-23TBM, 2010 WL 5162024, at *1 (M.D. Fla. Dec. 14, 2010).   Further, the motion is intended to provide a remedy for an unintelligible pleading, "rather than a vehicle for obtaining greater detail."   *Id.*

When considering a motion for more definite statement, courts are guided by the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   *Palma Vista Condo. Assoc. Of Hillsborough County, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-cv-155-T-27EAJ, 2010 WL 2293265, at *1 (M.D. Fla. June 7, 2010) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).   Under the pleading standards of Rule 8(a), a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."   Fed. R. Civ. P. 8(a).   It is not necessary for the complaint to specify every detail; rather, "[a]ll that is

required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 965 n.2 (11th Cir. 1997); *see also*, *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983) ("[T]he alleged facts need not be spelled out with exactitude, nor must recovery appear imminent.").

Defendants first argue that they are entitled to a more definite statement because Plaintiff fails to distinguish between each of the Defendants in the factual allegations of his Complaint. However, such a distinction in the pleadings is not necessary when the Plaintiff is actually referring to the conduct of all Defendants collectively.   In *Ramirez*, the court found that a more definite statement was warranted by the plaintiffs because they referred collectively to "the defendants" in each of their 186 allegations of their complaint.   *Ramirez*, 2010 WL 5162024, at *2.   The court concluded that each of the plaintiff's allegations could not plausibly pertain to all defendants.   *Id.*   In the instant case, however, it is plausible that each of Plaintiff's factual allegations that refer to "Defendants" could pertain to all of the Defendants collectively, as the general conduct to which he is referring was the collective conduct of his employers and their agents.   If the Plaintiff alleges that the Defendants were acting in a similarly unlawful way toward him, there is no need for him to separately name each Defendant in an individualized recitation of identical facts.   Where the conduct of the Defendants was collective, a simple reference to the "Defendants" is sufficient.   Further, with respect to each Count, Plaintiff specifically sets forth which claims are asserted against each specific Defendant.   (Doc. 2, ¶ 19–39).

Next, Defendants argue that Plaintiff fails to state the amount of wages he is owed and to what time period the wages are attributable.   The Complaint specifically identifies the time

period for which Plaintiff is seeking unpaid wages:  July 18, 2014, the first day of his employment with Defendants, and ending on or before September 4, 2014, the date he filed the Complaint.   (Doc. 2 at 8, ¶ 11).   The Complaint clearly states that "[s]ince [Plaintiff's] employment with Defendants began, Defendants failed to compensate Plaintiff for all hours worked."   *Id.*   This suggests that the relevant time period for Plaintiff's unpaid wages is the entire time that he was allegedly employed by Defendants.   *Id.*   These allegations provide Defendants with sufficient notice of the range of dates that Plaintiff is claiming to have been underpaid.   Further, under the pleading requirement of Rule 8(a), Plaintiff is not required to specify the exact amount of unpaid wages since "[t]hat is what discovery is for." *Abrams v. CIBA Specialty Chemicals Corp.*, No. CIV.A. 08-0068WSB, 2008 WL 4183344, at *3 (S.D. Ala. Sept. 10, 2008) (denying a motion for more definite statement where the defendant wanted the plaintiff to list every chemical pollutant that it was accused of discharging onto plaintiff's property because such specificity was not required at the pleading stage of the litigation).

Finally, Defendants argue that the allegations in Count V[2] of the Complaint are insufficient because Plaintiff fails to allege what unlawful activities he was required to participate in; the adverse action that Defendants took against him for failing to participate in the unlawful activities; and the particular laws, rules, and regulations that he believed he was being required to violate.

In Count V Plaintiff alleges violations of Florida Private Sector Whistle Blower Act and states, "[d]uring his employment, Plaintiff objected to, and refused to participate in, what he reasonably believed to be unlawful practices and policies by Defendants Cricket, Inc., Cricket LLC, and Belal in the administration of his regular hourly wages and overtime wages."   (Doc.

---

[2]  Plaintiff's First Amended Complaint erroneously contained two Count IV's.   (Doc. 2 at 8).

2, ¶ 37).   In the Complaint, Plaintiff alleges that Defendants violated the hourly wage and overtime provisions of the FLSA.   (*See* Counts I & II).   Specifically, Plaintiff alleges that "Defendants failed to compensate Plaintiff for all hours worked;" "[Plaintiff] was not paid at an hourly rate at least equal to the federal minimum wage;" and that while many of the hours Plaintiff worked were in excess of the forty hour workweek, "[Plaintiff] was not compensated at a rate of 1.5 times his hourly rate."   (Doc 2, ¶¶ 11, 20, 21, 24, 25).   Moreover, Plaintiff clearly alleges that "[t]he specific retaliatory personnel action at issue is Plaintiff's termination from his employment."   (Doc 2, ¶ 38).   Accordingly, the allegations in Count V are sufficient to put Defendants on notice of Plaintiff's claims.

For these reasons, I find that Plaintiff's allegations are not so vague and ambiguous that Defendants cannot respond.   Accordingly, Defendants' Motion for More Definite Statement (Doc. 21) is **DENIED.**   Defendants Belal Enterprises, Inc., Belal Ahmad, and Tyler Noubani shall file and serve an Answer to the Complaint within **fourteen (14) days** of this Order.

**DONE** and **ORDERED** in Ocala, Florida on February 11, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Courtroom Deputy

5