**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JASON MAPLE,**

    **Plaintiff,**

v.                                            **Case No: 5:14-cv-583-Oc-PGBPRL**

**CRICKET WIRELESS, INC., CRICKET**
**WIRELESS, LLC, BELAL**
**ENTERPRISES, INC., BELAL AHMAD**
**and TYLER NOUBANI**

    **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's motion to compel Defendants Belal Enterprises, Inc., Belal Ahmed, and Tyler Noubani to answer the first amended complaint and serve their Rule 26(a) initial disclosures. (Doc. 29). Defendants have not responded to the instant motion. However, they have now served their answer to the first amended complaint (Doc. 31); leaving solely the Rule 26(a) initial disclosures at issue. (*See* Doc. 34).

Pursuant to the Court's Case Management and Scheduling Order (Doc. 22), mandatory initial disclosures were due by January 12, 2015. Because Defendants have failed to make their disclosures, Plaintiff's motion to compel (Doc. 29) is hereby **GRANTED**. *See* Fed.R.Civ.P. 37(a)(3)(A)("If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."). Within **ten (10) days** of this Order, Defendants shall serve their Rule 26(a) initial disclosures.

- 2 -

With regard to Plaintiff's request for sanctions, the Court finds that, an award is mandated by Rule 37(a)(5)(A).[1] Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide disclosures required by Rule 26(a), the Court is required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of those exceptions are presented here. Indeed, despite having an opportunity to respond, Defendants have not filed a response or offered any explanation as to why they have not provided the initial disclosures. Accordingly, Plaintiff is entitled to reimbursement by Defendants for the fees and expenses incurred in preparing and filing the instant motion.

Plaintiff shall submit within **ten (10) days** of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the instant motion. To the extent that Defendants object to the amount of expenses and fees claimed by Plaintiff, Defendants shall file a response within **ten (10) days** of service of Plaintiff's affidavit. Upon receipt of the affidavit and any objections, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

---

[1] See Fed. R. Civ. P. 37(a)(5)(A)("if [a motion to compel discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must* . .. require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . ..")(emphasis added).

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on March 31, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties