**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**JASON MAPLE,**

    **Plaintiff,**

v.                                                **Case No: 5:14-cv-583-Oc-PGBPRL**

**CRICKET WIRELESS, INC., CRICKET
WIRELESS, LLC, BELAL
ENTERPRISES, INC., BELAL AHMAD
and TYLER NOUBANI**

    **Defendants.**

## ORDER

This matter, brought partially pursuant to the Fair Labor Standards Act ("FLSA"), is before the court on the parties' joint motion to approve their FLSA settlement and to dismiss this action with prejudice. (Doc. 24). The parties seek permission to submit the settlement agreement *in camera* because "they have agreed to keep the specific terms and conditions of the settlement agreement confidential."

Claims for compensation under the Fair Labor Standards Act ("FLSA") may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters "a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving a FLSA settlement, the court must determine if it "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

It is not unusual for the parties in an FLSA case – as they have done here – to seek to preserve the confidentiality of their settlement either by moving to submit the agreement under seal or by requesting an *in camera* review. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 & n. 21 (M.D. Fla. 2010). Such requests are routinely denied by courts in the Middle District. *See e.g.*, *Perkins v. Ace Homecare, LLC*, No. 8:14-cv-2307-T-33TBM, Doc. 20 (M.D.Fla. Jan. 16, 2015) (denying request for in camera inspection of FLSA settlement where parties did not show good cause to override the common law and First Amendment rights of the public to review court documents); *Blair v. H & R Resorts, LLC*, No. 3:14-cv-671-J039MCR, 2014 WL 6389733, (M.D. Fla. Nov. 14, 2014) (denying request to review FLSA settlement *in camera* because it is not consistent with objectives of FLSA); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 & n. 21 (M.D. Fla. 2010) (holding that *in camera* review of FLSA settlement agreement does not comport with public's right of access to judicial proceedings and "thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."); *see also*, Local Rule 1.09(a) ("No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or persons with disabilities, or protection of nonparties without either the opportunity or ability to protect themselves.")

Accordingly, and in the absence of any compelling explanation as to the necessity of confidentiality in this particular case, the parties' request to submit the settlement agreement for *in camera* review is **denied.** Because the parties have not filed a settlement agreement, the Court cannot review the purported settlement to determine if it "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Accordingly, the parties' motion to approve the

- 3 -

settlement is **denied without prejudice**.   On or before **September 18, 2015**, the parties shall file a new motion for approval of settlement (attaching the proposed settlement agreement) on the public docket; or advise the Court that they do not seek approval of the settlement at this time. Alternatively, if the parties would rather dismiss the action without filing the settlement agreement on the public docket, they may file a joint stipulation for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which will result in an unenforceable settlement of the parties' FLSA claim.   *See e.g., Boasci v. Imperial Spa & Salon, Inc.,* No. 6:13-cv-1520-Orl-40KRS, Doc. 98 (M.D. Fla. Jan. 14, 2015).

      **DONE** and **ORDERED** in Ocala, Florida on September 11, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties