UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JASON MAPLE**

    Plaintiff,

v.                                                    Case No: 5:14-cv-583-Oc-PGBPRL

**CRICKET WIRELESS, INC., et al.,**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court are documents submitted by the parties in relation to their negotiated settlement of this action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). (Docs. 46, 50 & 52). In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over the Act's provisions" after "scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); *see also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

In the Complaint, Plaintiff alleges that Defendants violated the FLSA, as well as Florida common law, by failing to pay wages for all hours worked, minimum wage violations, and unpaid overtime wages. Plaintiff further alleges that Defendants violated Florida's Private Sector Whistle Blower Act, Fla. Stat. § 448.102 (2014) by allegedly terminating Plaintiff in response to

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

his complaints about the wage violations. For the FLSA violations, Plaintiff seeks overtime compensation allegedly due to him, liquidated damages, attorney's fees, and pre-judgment interest. (Doc. 1 at 11-12). Defendants deny any wrongdoing under the FLSA, Florida common law, and the Florida Private Whistleblower Act and deny that Plaintiff is entitled to any relief. They further claim that Plaintiff was compensated for all time worked at the appropriate wage rate and they deny that Cricket Communications, Inc. and Cricket Wireless, LLC are properly named Defendants.

Although Defendants deny Plaintiff's allegations (Doc. 7), they made the decision to settle this case to avoid the costs and uncertainly of further litigation. (Doc. 46 at 2). The parties state that the settlement was reached through arms-length negotiations and with the assistance of Certified Mediator Christopher Shulman. Further, all parties have been represented by counsel during the negotiation process and the parties agree, based on the scope of the claims and the costs of continued litigation, that the settlement is a fair and reasonable resolution of Plaintiff's claims.

Pursuant to the terms of the Settlement Agreement (Doc. 52-1), the Belal Defendants[2] will pay Plaintiff $18,000.00 to resolve his claims for alleged unpaid regular wages, minimum wage violations, unpaid overtime wages, liquidated damages, and any damages arising under Florida's Private Whistleblower Act. In addition, the parties represent that counsel for Plaintiff and the Belal Defendants have negotiated a resolution of Plaintiff's claims for attorney's fees and costs separately and without regard to the amount paid to Plaintiff. They state that the amounts to be paid by the Belal Defendants for Plaintiff's attorney's fees was separately reviewed by Plaintiff with Plaintiff's counsel independent of the amounts for Plaintiff's underlying claims. The Belal Defendants will pay Plaintiff's counsel attorney's fees equivalent to 40% of the total settlement

---

[2] The "Belal Defendants" include Belal Enterprises, Inc., Belal Ahmed, and Tyler Noubani.

amount or $12,000.00.

Having reviewed the proposed settlement agreement (Doc. 52-1), I submit that the proposed settlement is a fair and reasonable compromise of a bona fide dispute between parties represented by competent counsel. *Lynn's Food Stores, Inc.,* 679 F.2d at 1354-55. The parties were represented by experienced counsel who vigorously represented their clients' interests. Defendants raised several defenses to Plaintiff's claims; thus, it is not certain that Plaintiff would have prevailed on his claims in their entirety. The parties agree that "based on the scope of the claims and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of Plaintiff's claims." In addition, because the agreed-upon fees and costs to be paid to Plaintiff's counsel were determined independently, did not affect the payment to Plaintiff, and otherwise appear to be reasonable, I need not separately consider the reasonableness of the fees and costs to be paid to Plaintiff's counsel. *Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

Accordingly, I submit that the parties' Amended Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc. 52) should be **GRANTED**;[3] the Settlement Agreement and Release (Doc. 52-1) should be **APPROVED**; and the case should be **DISMISSED** with prejudice.

Recommended in Ocala, Florida on November 20, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

---

[3] The initial motion for approval of the FLSA settlement (Doc. 46) should be **denied as moot**, as should the joint motion to submit a revised FLSA settlement agreement (Doc. 50).

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy